**WAL–MART STORES, INC. and Gary Beinek, Individually, Appellants,**

v.

**Rodrigo BAZAN, Appellee.**

No. 04–97–00036–CV.

Court of Appeals of Texas, San Antonio.

March 25, 1998.

J. Preston Wrotenbery, Kevin D. Jewell, Kimberly R. Stamp, Magenheim, Bateman, Robinson, Wrotenbery & Helfand, Houston, for Appellant.

Jesus Maria Alvarez, Douglas M. Walla, Hilda Gonzalez, Alvarez & Associates, P.C., Rio Grande City, for Appellee.

Before HARDBERGER, C.J., and LÓPEZ and GREEN, JJ.

## OPINION

HARDBERGER, Chief Justice.

### INTRODUCTION

This is an appeal from a jury verdict in favor of Rodrigo Bazan, appellee. A jury awarded Bazan over $25,000 after Bazan stepped on a razor blade in Wal–Mart's parking lot. We reverse and render judgment in favor of appellants, Wal–Mart Stores, Inc., and Gary Beinek.

### FACTS

In November 1995, Bazan stepped on a metal blade on the Wal–Mart parking lot while walking from his car toward the store. The blade cut through the sole of his shoe and into his foot. Bazan was treated at the local hospital with a topical antibiotic and a tetanus booster shot. The cut, which was about an inch long and a centimeter deep, did not require stitches.

Bazan sued both Wal–Mart and the manager on duty that day, Beinek, individually, for failing to keep the premises in a safe condition. Bazan sought damages for medical expenses, missed work, physical pain and mental anguish, and physical impairment. The jury awarded Bazan $26,024.50 for the injury.

In six points of error, Wal–Mart complains that (1) the trial judge failed to instruct the jury to consider the *Corbin* factors on premises liability; (2) the evidence is legally and/or factually insufficient to show that Wal–Mart possessed actual or constructive knowledge of an unreasonably unsafe condition; (3) the evidence is legally or factually insufficient to show that Wal–Mart failed to use reasonable care to eliminate the risk; (4) the evidence is legally or factually insufficient to support the amount of damages awarded by the jury or, alternatively, the award should be remitted as excessive; (5) the trial court abused its discretion in awarding prejudgment interest during the period Bazan failed to move for entry of the judgment; and (6) the judgment against Beinek, individually, must be reversed because Beinek did not owe a personal duty to Bazan.

Our conclusion that Bazan failed to obtain findings on his only viable cause of action, premises liability, eliminates the need to consider the remaining points of error.

### THE JURY CHARGE

Wal–Mart argues that we must reverse and render in its favor because Bazan failed to obtain jury findings on the elements of premises liability, as detailed in *Corbin v. Safeway Stores, Inc.*, 648 S.W.2d 292 (Tex. 1983). According to Wal–Mart, recent supreme court case law mandates that, where premises liability is the basis of the plaintiff's complaint, the *Corbin* factors be given to the jury. *See Clayton W. Williams, Jr., Inc. v. Olivo*, 952 S.W.2d 523, 529 (Tex.1997). We agree.

 Liability for injury on business premises may be found under either a premises condition theory or a negligent activity theory. *See Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex.1992). Recovering under negligent activity requires that the plaintiff was injured by or as a contemporaneous result of the activity itself. *Id.* A claim that the premises themselves are unsafe is a premises liability claim. To be successful, a plaintiff raising a premises liability claim must show that (1) the owner/operator had actual or constructive knowledge of some condition on the premises; (2) the condition posed an unreasonable risk of harm; (3) the owner/operator did not exercise reasonable care to reduce or eliminate the risk; (4) the owner/operator's failure to use reasonable care proximately caused the plaintiff's injuries. *Id.* The supreme court has explicitly refused to eliminate the distinction between these causes of action. *Id.*

In *Keetch*, the court found that a plaintiff's claim that she slipped on Kroger's floor as a result of the oily substance Kroger sprayed on its plants was a premises liability claim, not a negligent activity claim. *Id.* The court found that there was no ongoing activity at the time of injury and no spraying in the thirty to forty minutes prior to the plaintiff's fall. *Id.* Thus, the plaintiff had not been injured by negligent activity, but by conditions on the premises. *Id.*

 Bazan's complaint is not that he was injured by an ongoing activity. Instead, he

complains of the dangerous condition of the premises—a sharp blade left on a parking lot. What Bazan attempted to prove was that employees who should have discovered the blade and picked it up did not do so. Thus, in spite of his assertion in his brief that he has raised only a negligence cause of action, he has, in fact, alleged premises liability.

■ Because Bazan brought a premises liability claim, he was required, even before *Olivo* was handed down, to obtain findings on premises liability jury questions.[1] *Keetch*, 845 S.W.2d at 266 (appropriate instructions in a premises liability case must incorporate *Corbin* elements); *see Wal-Mart Stores, Inc. v. Berry*, 833 S.W.2d 587, 592 (Tex.App.— Texarkana 1992, writ denied) (stating that in cases involving premises defects, jury must find that unreasonable risk of harm existed). In *Keetch*, the court held that the *Corbin* elements may be reflected in a broad-form question.[2] *Id.* In *Olivo*, the court stated that a broad-form question would be permissible, but it must be accompanied by instructions that incorporate the *Corbin* elements. *Olivo*, 952 S.W.2d at 529. A plaintiff's failure to obtain findings on these elements waives those findings. *Id.*[3]

■ The trial court instructed the jury on ordinary negligence. The charge defined negligence without referring to owners or occupiers of premises. The same is true of the "ordinary care" definition. There is no instruction on unreasonable risk of harm or actual knowledge, although there is an arguable reference to constructive knowledge: "You are further instructed that this basic duty of the possessor of premises in exercis-

ing ordinary care to keep the premises in reasonably safe condition may include inspecting the premises to discover any latent defects and to make safe any defects or give adequate warnings."

Wal–Mart objected to the instructions given to the jury and submitted substantially correct instructions. The trial court did not submit Wal–Mart's requested instructions, and Bazan permitted the negligence instruction to go to the jury without objection. Under the rule announced in *Olivo*, Bazan has waived the findings on his only viable claim, premises liability, and the court must render judgment in favor of Wal–Mart. *Id.; see also Wyndham Hotel Co. v. Self*, 893 S.W.2d 630, 635 (Tex.App.—Corpus Christi 1994, writ denied) (rendition is proper when party with burden of obtaining a finding fails to submit question on controlling issue after adverse party has properly objected).

## CONCLUSION

In spite of criticism that it is returning to archaic pleading requirements, the Supreme Court has remained firm in holding that a charge and instructions on ordinary negligence will not be sufficient to uphold premises liability claims. We are compelled by controlling authority to hold that Bazan has failed to secure jury findings on the only cause of action he had. Therefore, we must render a verdict in favor of Wal–Mart.

*The remaining points of error are not necessary to the disposition of this appeal.*

---

1. And the court's increasing insistence on technically correct pleadings has invited criticism that it is returning to common-law form pleading. *See H.E. Butt Grocery, Co. v. Warner*, 845 S.W.2d 258, 260–1 (Tex.1992) (Mauzy, J., dissenting).

2. The question recommended in *Keetch* stated:
 "Negligence," when used with respect to an owner or occupier of a premises, means failure to use ordinary care to reduce or eliminate an unreasonable risk of harm created by a premises condition which the owner or occupier knows about or in the exercise of ordinary care should know about.
 "Ordinary care," when used with respect to an owner or occupier of a premises, means that

degree of care which would be used by an owner or occupier of ordinary prudence under the same or similar circumstances.
*Keetch*, 845 S.W.2d at 267.

3. Bazan claims that this case is distinguished from *Olivo* because a key issue in *Olivo* was whether a general contractor could be held liable for a subcontractor's unsafe premises. While this is an accurate characterization of *Olivo*, we find nothing that suggests that the pleading requirements are limited to cases where agent liability is at issue. In fact, *Olivo* cites *Keetch*, which did not deal with subcontractors.