**WAL–MART STORES, INC., Appellant,**

v.

**Paula GARZA, Appellee.**

No. 04–99–00529–CV.

Court of Appeals of Texas, San Antonio.

June 21, 2000.

Rehearing Overruled Aug. 11, 2000.

J. Preston Wrotenbery, Kevin D. Jewell, Magenheim Bateman & Helfand, P.L.L.C., Houston, for appellant.

Joe R. Torres, III, Law Office of Joe R. Torres, III, Alice, Servando H. Gonzales, Jr., Servando Gonzales Law Firm, McAllen, for appellee.

Sitting: PHIL HARDBERGER, Chief Justice, ALMA L. LÓPEZ, Justice, PAUL W. GREEN, Justice.

## OPINION

Opinion by PAUL W. GREEN, Justice.

In this personal injury case, appellant, Wal–Mart Stores, Inc., appeals from a jury verdict in favor of appellee, Paula Garza. In three issues, Wal-Mart complains (1) there is no evidence of a premises defect to support the jury's verdict against Wal-Mart, (2) if the case was properly submitted as a premises defect case, there is no evidence or insufficient evidence the defect proximately caused Paula Garza's injury, and (3) remittitur is required because there is no evidence or insufficient evidence of future medical damages. In a single cross-point, Garza alleges Wal-Mart's employee, Melecio Garza, should have been found negligent as a matter of law; therefore, the verdict against Wal-Mart may be upheld on a theory of vicarious liability. We reverse the trial court's judgment in part and render judgment in favor of Wal-Mart.

## Background

Paula Garza (Garza) was shopping at Wal–Mart on December 26, 1996, when she was struck in the back of the head and neck by a boxed television being lifted down from a storage riser by a Wal–Mart employee, Melecio Garza (Melecio). Geronimo Rios, another employee, had used a ladder to climb up on the display and asked a second employee, Juan, to get a second ladder to help him. Melecio came along and lifted the television box off the riser. The set was a 19" television weighing about 30–35 pounds. Melecio testified he had no problem with the weight of the small television but as he turned to hand the set to the customer, he simply did not see where Garza was standing and struck her with the box. Rios says the box slipped out of Melecio's hands and fell on Garza. It is undisputed the stacked television boxes were stable and not likely to fall, and the riser was well able to bear the weight of the television boxes.

Garza sued both Wal–Mart and the employee, Melecio Garza. The jury was given the following instructions:

> *"NEGLIGENCE"* when used with respect to WAL–MART STORES, INC., means failure to use ordinary care to reduce or eliminate an unreasonable risk of harm created by a premises condition which the owner or occupier knows about or in the exercise of ordinary care should know about.
>
> . . . .
>
> *"NEGLIGENCE"* when used with respect to Melecio Garza means failure to use ordinary care; that is to say, failure to do that which a person of ordinary prudence would have done under the same or similar circumstances, or doing that which a person of ordinary prudence would not have done under the same or similar circumstances.

A single liability question was presented to the jury:

> Did the negligence, if any, of those named below proximately cause the occurrence in question?
>
> Answer "Yes" or "No" for each of the following
>
> WAL–MART STORES, INC. _____
>
> MELECIO GARZA _____

The jury answered "No" as to Melecio Garza and "Yes" as to Wal–Mart.

Wal–Mart argues because the jury answered "No" to the negligence of Melecio Garza, Wal–Mart cannot be held liable under a negligent activity claim. Wal–Mart then complains the question of Wal–Mart's liability is presented as a "premises de-

fect" question, yet there is no evidence of a premises condition or premises defect to support the jury's "Yes" answer as to Wal–Mart.

### (1) Premises Defect or Negligent Activity ?

Garza characterizes the claim as a "premises defect" case. Wal–Mart asserts it is a negligent activity case. Both parties agree the definition of negligence presented to the jury with regard to Wal–Mart outlines the elements of a premises defect case.

 Liability for injury on business premises may be found under either a premises defect theory or a negligent activity theory. *See Clayton W. Williams, Jr. v. Olivo*, 952 S.W.2d 523, 527 (Tex. 1997); *Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex.1992); *Wal–Mart Stores, Inc. v. Bazan*, 966 S.W.2d 745, 746 (Tex. App.-San Antonio 1998, no pet.). Recovery for a negligent activity requires that the plaintiff was injured by or as a contemporaneous result of the activity itself. *Keetch*, 845 S.W.2d at 264; *Wal–Mart Stores, Inc. v. Bazan*, 966 S.W.2d at 746. A claim the premises themselves are unsafe is a premises defect claim. *Keetch*, 845 S.W.2d at 264; *Bazan*, 966 S.W.2d at 746. A premises liability claim must be either a premises defect case or a negligent activity case. *See Olivo*, 952 S.W.2d at 527; *Keetch*, 845 S.W.2d at 264; *Bazan*, 966 S.W.2d at 746–47. We must determine whether Garza's injury resulted from a condition or an activity.[1] *See Laurel v.*

*Herschap*, 5 S.W.3d 799, 802 (Tex.App.-San Antonio 1999, no pet.).

 Garza argues the premises condition is the placement of heavy items in a high location where they could fall on someone when being moved or pulled. Garza does not argue the actual stacks were unstable or somehow subject to being knocked over, only that Wal–Mart knew there was a risk heavy objects could be dropped on a customer *while being moved* from a high storage location. The very nature of the claim shows some activity had to occur in order for injury to result. Garza was injured by the contemporaneous activity of Melecio removing the item from the shelf.

Because the case is not a premises defect case, the jury charge is erroneous and the jury's answer is not supported by the evidence. We will reverse that portion of the trial court's judgment awarding damages against Wal–Mart on the basis of a premises defect. We need not address Wal–Mart's contention there is no evidence or insufficient evidence of causation.

### (2) Garza's cross point

In a cross point, Garza argues the trial court should have granted a judgment n.o.v. finding the employee, Melecio Garza, negligent as a matter of law. Wal–Mart contends Garza waived this point when she failed to file a notice of appeal. We agree.

 "A party who seeks to alter the trial court's judgment or other appealable order must file a notice of appeal." Tex. R.App. P. 25.1(c). Garza argues she may

---

1. To make this determination, we must decide whether there is any evidence (1) Wal–Mart had actual or constructive knowledge of some condition on the premises and (2) the condition posed an unreasonable risk of harm. *See Corbin v. Safeway Stores, Inc.*, 648 S.W.2d 292, 296 (Tex.1983). We review a no evidence challenge by considering all the record evidence in the light most favorable to the prevailing party, indulging every reasonable inference in that party's favor. *Associated Indem. Corp. v. CAT Contracting, Inc.*, 964 S.W.2d 276, 285–86 (Tex.1998); *Formosa*

*Plastics Corp. v. Presidio Eng'rs & Contractors, Inc.*, 960 S.W.2d 41, 48 (Tex.1998). We must sustain the no evidence challenge when the record discloses (1) a complete absence of evidence of a vital fact; (2) the court is barred by rules of law or evidence from giving weight to the only evidence offered to prove a vital fact; (3) the evidence offered to prove a vital fact is no more than a mere scintilla of evidence; or (4) the evidence conclusively establishes the opposite of a vital fact. *Merrell Dow Pharmaceuticals v. Havner*, 953 S.W.2d 706, 711 (Tex.1997).

raise her issue as a cross point without filing a notice of appeal because she is not seeking more favorable relief than what was awarded by the trial court. *See* Tex. R.App. P. 25.1(c); *Bosque Asset Corp. v. Greenberg,* 19 S.W.3d 514, 520 (Tex.App.-Eastland 2000, n.p.h.); *Dean v. Lafayette (Section One) Council of Co–Owners, Inc.,* 999 S.W.2d 814, 818 (Tex.App.-Houston [1st Dist.] 1999, no pet.).

We disagree with Garza's characterization of her cross point. If we hold Melecio Garza negligent as a matter of law, the result must be a judgment of liability against Melecio Garza, a separate party who was not made a party to this appeal. Garza argues she only wants to use this result to support the judgment against Wal–Mart, not to pursue a claim against the employee. We are not bound by what Garza claims she will do with a revised judgment. By her cross point, she seeks to alter the trial court's judgment, resulting in relief not awarded by the trial court. Garza waived her issue by failing to file a notice of appeal.

## Conclusion

Because there is no evidence of a premises defect, the trial court erred in submitting a jury question based on that theory of recovery. We grant Wal–Mart's first issue and reverse the jury finding of negligence against Wal–Mart. The jury found no negligence on the part of Wal–Mart's employee; therefore, Garza cannot recover against Wal–Mart on a negligent activity theory. Garza waived her right to challenge the jury verdict as to Wal–Mart's employee, Melecio Garza, by failing to file a notice of appeal on her cross point. Garza failed to secure a jury verdict on the only viable claim she had. Therefore, we must reverse the judgment in part as to the liability of Wal–Mart and render a verdict in favor of Wal–Mart. We do not reach the remaining points of error raised by Wal–Mart.

Concurring opinion by PHIL HARDBERGER, Chief Justice, joined by Justice LÓPEZ.

PHIL HARDBERGER, Chief Justice, concurring.

The result reached by the majority is odd and unjust. However, the majority opinion follows existing case law, so I am compelled to join it with this concurrence.

This case, simple in facts but artificially complex in archaic legal doctrine, illustrates the need for reform in the area of premises liability law. Here is what happened. A customer in a Wal–Mart store, Mrs. Garza, was hit in the head by a falling or mishandled box through no fault of her own. The box was being moved by a Wal–Mart employee. Mrs. Garza was injured—a perfect case of direct and simple causation. There is no contributory negligence, and no superseding or intervening cause. There are just the basic elements of negligence, proximate cause, and damages. All of this is correctly found by the jury and supported by the evidence. Specifically, the jury found that Wal–Mart's negligence proximately caused the injury in question and awarded damages to Mrs. Garza accordingly. As a result of the majority's decision, however, Mrs. Garza will receive no damages. The negligent party will not be held responsible for its negligence, and the injured party's damage award is reversed and rendered against her. The jury's verdict is nullified.

How does this happen? It happens because of a delicate and artificial framework of premises liability that has been outdated for years. This dilapidated framework recently added a super-structure of issue submission in which facts must be correctly placed under the correct shells of premises defect or negligent activity. Courts now tangle themselves in a web of determining whether an injury resulted from a condition or an activity. If the pleading or instruction is wrong, all is lost. Not even

a backward glance is given to the essential unjustness of the result.

Why not simply ask the jury if the defendant's negligence proximately caused the injury and award damages, if any, accordingly. Are we so afraid of the jury that we will not even let them make this simple determination? Surely a jury is capable of determining who is wrong and who is right considering the circumstances existing at that time. What difference does it make whether the negligence causing the injury was a premises defect or a negligent activity? It doesn't. Defining types of negligent behavior may be intellectually interesting, but to people like Mrs. Garza, it only matters that a box hit her in the head and injured her. Her injury was not her fault. It was the fault of Wal–Mart. Do we need to go any further? Is justice enhanced, or denied, by a study of "what kind of negligence"?

I join in the majority's decision because it follows the law—not because it is right. Right would affirm the jury's findings and eliminate old unfair legalisms, as well as new shaky additions, that simply obscure the truth. I urge the Texas Supreme Court and the Texas legislature to revisit this dark section of the law.

The same archaic, problematic legalisms exist under the common law classification scheme for determining premises liability. Nearly forty years have passed since the United States Supreme Court rejected the common law classification scheme in admiralty law. *See Kermarec v. Compagnie Generale Transatlantique,* 358 U.S. 625, 79 S.Ct. 406, 3 L.Ed.2d 550 (1958). Although the invitee-licensee-trespasser distinction may have provided a just disposition of disputes in England when the culture was deeply rooted to the land and tied to a heritage of feudalism, we must consider whether the distinctions do justice in an industrialized urban society. *See id.* at 630. As Justice Stewart stated in *Kermarec:*

> In an effort to do justice in an industrialized urban society, with its complex economic and individual relationships, modern common-law courts have found it necessary to formulate increasingly subtle verbal refinements, to create subclassifications among traditional common-law categories, and to delineate fine gradations in the standards of care which the landowner owes to each. Yet even within a single jurisdiction, the classifications and subclassifications bred by the common law have produced confusion and conflict. As new distinctions have been spawned, older ones have become obscured. Through this semantic morass the common law has moved, unevenly and with hesitation, towards "imposing on owners and occupiers a single duty of reasonable care in all the circumstances."

*Id.* (footnote omitted). This movement or trend has led at least twelve jurisdictions to abandon the common law entirely in favor of a single duty of reasonable care although in one jurisdiction the distinctions were later reinstated by the legislature and another later restored the category of trespasser. *See Carter v. Kinney,* 896 S.W.2d 926, 929–30 n. 3 (Mo.1995); *Heins v. Webster County,* 250 Neb. 750, 552 N.W.2d 51, 54 (1996)(listing jurisdictions); *see generally* Richard L. Ferrell, III, *Emerging Trends in Premises Liability Law: Ohio's Latest Modification Continues to Chip Away at Bedrock Principles,* 21 OHIO N.U.L. REV. 1121, 1122 & n. 8 (1995); Kathryn E. Eriksen, *Premises Liability in Texas—Time for a "Reasonable Change,"* 17 ST. MARY'S L.J. 417 (1986); Vitauts M. Gulbis, J.D., *Modern Status of Rules Conditioning Landowner 's Liability Upon Status of Injured Party as Invitee, Licensee, or Trespasser,* 24 A.L.R.4th 294 (1983). At least eleven other jurisdictions have abolished the invitee-licensee distinction while retaining the trespasser classification. *Heins,* 552 N.W.2d at 54 (listing jurisdictions). Two states have rejected the invitee-licensee distinction by statute. Ferrell, 21 OHIO N.U.L.REV. at 1122 n. 9. In fact, the invitee-licensee dis-

tinction has even been abrogated by statute in England. *Jones v. Hansen*, 254 Kan. 499, 867 P.2d 303, 307 (1994)(citing Occupiers' Liability Act of 1957, 5 & 6 Eliz. II, c. 31).

When the Supreme Court of Nebraska abolished the invitee-licensee distinction in 1996, it noted that thirty-six states and the District of Columbia have reconsidered the common-law classifications. *See Heins*, 552 N.W.2d at 55. Twenty-three of those jurisdiction abolished either some or all of the categories, while only fourteen states expressly retained them. *See id.* Fourteen states continue to apply the common-law classifications without specifically addressing their continuing validity. *See id.* It would appear that Texas falls in this last category, mired in the past and applying a common law scheme that has been rejected by its originators and our highest court as unworkable.

"The principle of stare decisis was not meant to keep a stranglehold on developments which are responsive to new values, experiences and circumstances." *Webb v. City and Borough of Sitka*, 561 P.2d 731, 734 (Alaska 1977). The reasons for rejecting the outdated classification approach are sound. The system creates confusion and judicial waste, precluding the application of community standards by a jury. *See Smith v. Arbaugh's Restaurant, Inc.*, 152 U.S.App.D.C. 86, 469 F.2d 97, 102 (1972), *cert. denied*, 412 U.S. 939, 93 S.Ct. 2774, 37 L.Ed.2d 399 (1973); *Rowland v. Christian*, 69 Cal.2d 108, 70 Cal.Rptr. 97, 443 P.2d 561, 568 (1968); *Jones*, 867 P.2d at 307. In a modern society, jurors are more likely to be landowners and are better able to understand the extent of and limitations on the protection a landowner can provide. Tab H. Keener, *Can the Submission of a Premises Liability Case Be Simplified?* 28 Tex. Tech. L. Rev. 1161, 1172 (1997). In Texas, the emphasis on broad-form submission also supports the adoption of a single duty of reasonable care. *See id.; see also* Tex.R. Civ. P. 277.

Another reason advanced for abolishing the common law categories is the rejection of the premise that land is predominant over life and that a landowner changes his conduct in relation to the nature of the entrant. *Smith*, 469 F.2d at 101. As Justice Peters reasoned when he started the modern trend in *Rowland*:

> A man's life or limb does not become less worthy of protection by the law nor a loss less worthy of compensation under the law because he has come upon the land of another without permission or with permission but without a business purpose. Reasonable people do not ordinarily vary their conduct depending upon such matters, and to focus upon the status of the injured party as a trespasser, licensee, or invitee in order to determine the question whether the landowner has a duty of care, is contrary to our modern social mores and humanitarian values. The common law rules obscure rather than illuminate the proper considerations which should govern determination of the question of duty.

443 P.2d at 568.

Allocating the costs and risks of human injury is far too complex an equation to be decided solely upon the status of the entrant, particularly when the resolution of the status question "prevents the jury from ever determining the fundamental question [of] whether the defendant has acted reasonably in light of all the circumstances in a particular case." *Mounsey v. Ellard*, 363 Mass. 693, 297 N.E.2d 43, 51 (1973); *see also Smith*, 469 F.2d at 102. The standard of "reasonable care under all the circumstances" enables a jury, as representatives of the community, to achieve an allocation of the costs of human injury which conforms to community standards of acceptable landowner behavior. *See Smith*, 469 F.2d at 102; *Mounsey v. Ellard*, 297 N.E.2d at 51. Landowners do not become insurers of their property under this new standard because foreseeability is still a factor, and the status of the

entrant must be considered in determining the foreseeability of that entrant's presence. The single standard simply permits the jury "to determine what burdens of care are unreasonable in light of the relative expense and difficulty they impose on the owner or occupier as weighed against the probability and seriousness of the *foreseeable* harm to others." *Mounsey v. Ellard*, 297 N.E.2d at 53 (emphasis added). In my view, the common law classifications should be replaced with a rule of law that requires a landowner to act as a reasonable person in maintaining his property in a reasonably safe condition in view of all the circumstances, including the foreseeability of injury to the entrant, the likelihood and seriousness of potential injury in maintaining the condition, and the burden on the respective parties of avoiding the risk. *See, e.g., Smith,* 469 F.2d at 105–06; *Webb,* 561 P.2d at 733; *Ann M. v. Pacific Plaza Shopping Center,* 6 Cal.4th 666, 25 Cal.Rptr.2d 137, 863 P.2d 207, 212 & n. 5 (1993); *Rowland,* 70 Cal.Rptr. 97, 443 P.2d at 564.

The Texas legislature has debated whether the common law is sound in at least one area of our outdated premises liability law. *See* Tommy W. Gillaspie, *Premises Liability,* STATE BAR OF TEXAS, ADVANCED PERSONAL INJURY LAW COURSE R2, R–1–R–2 (1997)(discussing introduction of bill to limit liability for criminal acts of third party). It is time for Texas to stop tinkering with archaic feudal classifications and simplify premises liability law for the benefit of the trial judges, the juries, the landowners, and those injured on another's premises. "The judiciary gave birth to the classifications, and the judiciary can lay [them] to rest." *Mariorenzi v. Joseph DiPonte, Inc.,* 114 R.I. 294, 333 A.2d 127 (1975).