**PRICE DRILLING COMPANY,**
**Appellant,**

v.

**Jim ZERTUCHE, Appellee.**

No. 04–03–00493–CV.

Court of Appeals of Texas,
San Antonio.

June 16, 2004.

Rehearing Overruled Aug. 20, 2004.

484

Sharon E. Callaway, Crofts & Callaway, P.C., San Antonio, Rick Rogers, John J. Janssen, Porter, Rogers, Dalhman & Gordon, P.C., Corpus Christi, for appellant.

Scott D. Schmidt, Woolsey & Schmidt, L.L.P., William N. Woolsey, Chaves, Resendez and Rivero, L.L.P., Corpus Christi, for appellee.

Sitting: PAUL W. GREEN, Justice, SANDEE BRYAN MARION, Justice, PHYLIS J. SPEEDLIN, Justice.

## OPINION

PAUL W. GREEN, Justice.

This appeal stems from a negligence case. Appellee Jim Zertuche ("Zertuche") filed suit against appellant and general contractor Price Drilling Company ("Price"), alleging that, while in the course and scope of his employment with an independent contractor,[1] he was injured at Price's drilling rig site when he slipped and fell climbing on his truck. Zertuche's case was based on a general negligence theory. Following a jury trial, Price was found to have controlled the work being performed by Zertuche. The jury also found Price to have been 60% negligent and Zertuche to have been 40% negligent in terms of who was responsible for the injuries. The jury awarded damages for past and future physical pain and mental anguish, past loss of earning capacity, physical impairment, and medical care expenses in the amount of $625,000. After a deduction for Zertuche's negligence, as well as a settlement credit of $50,000, the total sum awarded Zertuche in the judgment was $398,786.58.[2] Price filed a motion to modify the judgment and, in the alternative, motions for new trial and remittitur. All were denied. Price now appeals, raising seven issues on appeal.

### BACKGROUND

Appellee Jim Zertuche, an employee of M–I Drilling Fluids ("M–I"), received a call to deliver drilling mud to a well site controlled by Price Drilling Co. because the well was "kicking" and in danger of causing a "blowout". In order to prevent such an occurrence, Emerico Perez ("Perez"), a Price employee, needed Zertuche to deliver additional drilling mud to the well where it could be used to decrease the danger of a blowout.

When Zertuche arrived at the drilling site, he drove his truck, which was loaded with dry drilling mud chemicals, onto the dirt pad used for offloading, approximately half a mile from the actual drilling rig. Due to recent heavy rains, the drilling site was extremely muddy, and there was standing water scattered around the site. Because of these conditions, Dale Operating Company ("Dale"), the well's operator, had hired several bulldozers to assist in moving vehicles and equipment around the site. As he waited for assistance from one of the bulldozers, Zertuche was instructed to drive his truck as close to the site as he could. When Zertuche's truck became

---

1. At the time of the accident which is the subject of this case, Zertuche was employed by M–I Drilling Fluids.

2. This total includes $325,000 in damages, $70,964.88 in prejudgment interest, and $2,821.70 in costs.

stuck in the mud, the bulldozer operator and Zertuche chained his vehicle to the bulldozer and pulled it to some mud pumps in order to unload the chemicals.

Zertuche intended to use a forklift to unload the dry drilling mud, but the area was still extremely muddy and the forklift also became stuck. Zertuche asked the bulldozer to clear some of the water off the soil, which the driver unsuccessfully attempted to do. At this point, other trucks entering the site needed assistance, so Zertuche was forced to wait as the bulldozers pulled these other vehicles to the drilling mud pits and back to the gate. Unbeknownst to Zertuche, these trucks contained previously mixed drilling mud, which could more quickly be put to use to prevent the blowout. Because of the urgency of the situation, Perez requested these trucks take precedence over Zertuche's vehicle as his truck contained only dry chemicals rather than previously mixed chemicals.

After waiting at length, Zertuche decided to unload his truck by hand. He returned to his vehicle to call M–I for men to assist in the unloading. As Zertuche climbed onto a step to enter his truck, his foot slipped and he fell backward onto the ground, resulting in injury.

### NEGLIGENT ACTIVITY VS. PREMISES LIABILITY

■ Before we can address the basic issues surrounding a negligence claim, we must first determine whether Zertuche's injuries resulted from an activity or from a condition of the premises. In its second issue, Price contends the trial court erred in submitting the case to the jury under a theory of negligent activity rather than under a theory of premises liability and argues that under premises liability, the jury's finding of simple negligence does not support a recovery by Zertuche.

■ The existence of a duty is the threshold question in any negligence case, *El Chico Corp. v. Poole,* 732 S.W.2d 306, 311 (Tex.1987); *Traylor Bros. Inc. v. Garcia,* 49 S.W.3d 430, 434 (Tex.App.-San Antonio 2001, no pet.), and it is a question of law for the court to decide from the facts surrounding the occurrence in question. *Walker v. Harris,* 924 S.W.2d 375, 377 (Tex.1996). Because this case deals with the relationship between a general contractor and an independent contractor, the hybrid body of law which lies at the intersection of premises liability and agency law governs this case. *Clayton W. Williams, Jr., Inc. v. Olivo,* 952 S.W.2d 523, 527 (Tex.1997).

■ An owner or occupier of land generally has a duty to use reasonable care to make and keep the premises safe for business invitees. *Olivo,* 952 S.W.2d at 527. A general contractor in control of the premises is charged with the same duty as an owner or occupier. *Id.* A general contractor in this position may be liable for two types of negligence in failing to keep the premises safe: (1) that arising from an activity on the premises; and (2) that arising from a premises defect. *Id.; Redinger v. Living, Inc.,* 689 S.W.2d 415, 417 (Tex. 1985).

■ In order to recover under a negligent activity theory, a person must have been injured by or as a contemporaneous result of the activity itself rather than by a condition created by the activity. *Olivo,* 952 S.W.2d at 527; *Keetch v. Kroger Co.,* 845 S.W.2d 262, 264 (Tex.1992); *Wal–Mart v. Bazan,* 966 S.W.2d 745, 746 (Tex.App.-San Antonio 1998, no pet.). A premises liability claim, on the other hand, is a claim that the premises itself is unsafe. *Bazan,* 966 S.W.2d at 746. There are two types of premises defects for which the employee of an independent contractor may seek to

hold a general contractor liable. *Olivo*, 952 S.W.2d at 527. The first category includes those defects the independent contractor or its injured employee created by its work activity. *Id.* The second category includes those defects that exist on the premises when the business invitee entered for business purposes or that are created through some means unrelated to the activity of the injured employee or his employer. *Id.*

On appeal, Price contends the case was wrongly submitted as a negligent activity case. Price urges that the case is properly categorized as a premises liability case because the record conclusively establishes that Zertuche's injury was caused by his slipping on mud that was either on his truck's steps or on his own boots. Zertuche disagrees, claiming the case was properly submitted under a negligent activity theory.

In his original petition, Zertuche alleges that his injuries were proximately caused by the negligence of Dale Operating Company, Price, and Perez in failing to utilize the bulldozers for the purpose of clearing the area around his truck so that he could unload its contents. Specifically, Zertuche alleges that Price was negligent in: (1) failing to provide a safe place for him to complete his work; (2) failing to direct the bulldozer operator to perform the work necessary to drain the area around the truck and mud hopper; and (3) failing to use reasonable effort to make the premises a safe place to work.[3] In spite of Zertuche's allegations, there was no ongoing activity at the time of his injury. In fact, under the terms of his petition, he complains about the absence of ongoing assistance. Although Zertuche may have been injured by a condition which was not remedied because of Price's alleged negligence, he was not injured directly by any of the general contractor's activities. Therefore, the trial court erred in submitting the case to the jury under the theory of negligent activity. If Price owed a duty to Zertuche at all, the case should have been submitted as a premises liability cause of action.

To recover against a general contractor for a premises defect, the injured plaintiff must establish both the general contractor's right to control the independent contractor's defect-producing work and a breach of that duty according to the traditional premises defect elements. *Olivo*, 952 S.W.2d at 529; *see Corbin v. Safeway Stores, Inc.*, 648 S.W.2d 292, 296 (Tex.1983)(setting forth traditional elements of premises liability claim); *Wal–Mart v. Cantu*, 2003 WL 21156840 (Tex.App.-San Antonio 2003, no pet.). The plaintiff may submit this cause of action to the jury through a question about the general contractor's right to control the defect-producing work in order to establish a duty and a broad form negligence question. *Olivo*, 952 S.W.2d at 529. These questions, however, must be accompanied by instructions which incorporate the *Corbin* premises defect elements.[4] *Id.*; *Keetch*, 845 S.W.2d at 266–67.

---

3. Zertuche also claims the operator of the bulldozer was negligent in (1) abandoning Zertuche and leaving him in a position that created a hazard; (2) failing to use ordinary care in the manner in which he attempted to clear the area; (3) not being sufficiently trained in how to deal with the conditions at the site; and (4) being sufficiently trained and yet failing to exercise ordinary care in draining the area and removing the mud from around Zertuche.

4. In order to prevail on a premises liability claim, a plaintiff must show that (1) the general contractor had actual or constructive knowledge of some condition on the premises; (2) the condition posed an unreasonable risk of harm; (3) the general contractor did not exercise reasonable care to reduce or

■ If Zertuche has a cause of action, it can only be characterized as a premises liability claim. He would, therefore, be required to obtain findings on premises liability jury questions. *Keetch,* 845 S.W.2d at 266; *Cantu,* 2003 WL 21156840 at 2. The charge submitted to the jury in the present case included a question concerning control and a question concerning general negligence. It did not, however, include questions or instructions addressing the *Corbin* elements. Instead, the trial court simply instructed the jury on ordinary negligence, defining the terms ordinary negligence, ordinary care, and proximate cause without referring to the duties of general contractors as owners/occupiers of premises. Price objected to the charge as submitted, arguing the case was not one of negligent activity and suggesting a corrected version of the charge. The trial court overruled Price's suggestion, and Zertuche allowed the negligence instruction to go to the jury without objection. Under the rule set out in *Clayton W. Williams, Jr., Inc. v. Olivo,* Zertuche has waived the findings on his only potential claim, premises liability, and this Court must render judgment in favor of Price. 952 S.W.2d at 529; *Cantu,* 2003 WL 21156840 at 2; *Bazan,* 966 S.W.2d at 747.

We affirm Price's second issue, reversing the judgment of the trial court and rendering judgment in favor of Price. Because we have resolved this case on a single issue, we need not address the remaining issues.

---

eliminate the risk; and (4) the general contractor's failure to use such care proximately caused the plaintiff's injuries. *Corbin v. Safeway Stores, Inc.,* 648 S.W.2d 292, 296 (Tex. 1983).