Affirmed and Memorandum Opinion filed December 28, 2006








Affirmed and Memorandum Opinion filed December 28, 2006.

 




 
 
 
  
 
 
 




 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-05-00930-CV

____________

 

WILSON RODRIGUEZ, Appellant

 

V.

 

GULF COAST & BUILDERS SUPPLY,
INC. AND KJR, LTD., Appellees

 



 

On Appeal from the 151st
District Court

Harris County, Texas

Trial Court Cause No. 03-36387

 



 

M E M O R A N D U M  O P I N I O N

Appellant Wilson Rodriguez appeals a summary judgment
granted in favor of appellees Gulf Coast & Builders Supply, Inc. and KJR,
Ltd. dismissing Rodriguez=s negligence claims.  We affirm.

I. Factual and Procedural
Background








Wilson Rodriguez was injured while helping his roommate,
Jose Mejia repair a truck.  Mejia was the nephew of Rodriguez=s boss, Juan Pablo
Mejia.  Both Jose and Juan worked as independent contractors for Gulf Coast
& Builders Supply, Inc.  The premises upon which the injury occurred was
controlled by Gulf Coast, but owned by KJR.

The truck Rodriguez agreed to help his roommate repair
belonged to Jose.  Rodriguez agreed to assist as a favor, not as part of any
work assignment.  The repairs were being made gratuitously, and not at the
request of Gulf Coast or KJR.  While Rodriguez was underneath the truck
replacing parts on the axle, the jack collapsed, and the truck=s chassis pinned
him to the ground.  As a result, Rodriguez suffered splintered ribs and
dislocated discs in his spine, as well as internal injuries.  

Rodriguez filed a lawsuit against Gulf Coast and KJR,
asserting negligence claims based on both negligent-activity and
premises-liability theories. Gulf Coast and KJR filed a hybrid motion for
summary judgment, setting forth both traditional and no-evidence grounds. 
Rodriguez filed a response to this motion for summary judgment.  Gulf Coast and
KJR thereafter filed a reply to Rodriguez=s response, and
after the hearing, a brief in support of their motion.  The trial court signed
an order granting the motion for summary judgment without specifying the
grounds. 

II.   Issues Presented 

Rodriguez asserts the following issues on appeal: 

(1)               Whether Gulf
Coast=s and KJR=s motion for summary judgment set
forth its traditional grounds and its no-evidence grounds with sufficient
clarity and specificity so as to give Rodriguez fair notice of the allegations
contained therein. 

(2)-(3)          Whether the
evidence before the court raised a genuine issue of material fact on any
properly challenged element of Rodriguez=s negligence claims based on premises liability or
negligent activity.








III.   Standard of Review

 

In reviewing a traditional motion for
summary judgment, we consider whether the successful movant at the trial level
carried its burden of showing that there is no genuine issue of material fact
and that judgment should be granted as a matter of law.  KPMG Peat Marwick
v. Harrison County Hous. Fin. Corp., 988 S.W.2d 746, 748 (Tex. 1999).  A
defendant must conclusively negate at least one essential element of each of
the plaintiff=s claims or conclusively establish each element of an affirmative
defense.  Sci. Spectrum, Inc. v. Martinez, 941 S.W.2d 910, 911 (Tex.
1997).  Under this traditional standard, we take as true all evidence favorable
to the nonmovant, and we make all reasonable inferences in the nonmovant=s favor.  Dolcefino v. Randolph,
19 S.W.3d 906, 916 (Tex. App.CHouston [14th Dist.] 2000, pet. denied).  If the movant=s motion and summary-judgment
evidence facially establish its right to judgment as a matter of law, the
burden shifts to the nonmovant to raise a genuine, material fact issue
sufficient to defeat summary judgment.  Id.  When, as in this case, the
order granting summary judgment does not specify the grounds upon which the
trial court relied, we must affirm summary judgment if any of the independent
summary-judgment grounds is meritorious.  FM Props.  Operating Co. v. City
of Austin, 22 S.W.3d 868, 872 (Tex. 2000).

In contrast, when reviewing a no‑evidence
motion for summary judgment, we ascertain whether the nonmovant pointed out
summary‑judgment evidence of probative force to raise a genuine issue of
fact as to the essential elements attacked in the no‑evidence motion.  Johnson
v. Brewer & Pritchard, P.C., 73 S.W.3d 193, 206B08 (Tex. 2002).  We take as true
all evidence favorable to the nonmovant, and we make all reasonable inferences
therefrom in the nonmovant=s favor.  Dolcefino, 19 S.W.3d at 916.  A no‑evidence
motion for summary judgment must be granted if the party opposing the motion
does not respond with competent summary‑judgment evidence that raises a
genuine issue of material fact.  Id. at 917.








IV.   Analysis 

 

A.      Did the defendants= motion for
summary judgment set forth Atraditional@ grounds and Ano-evidence@ grounds with
sufficient clarity and specificity so as to give the plaintiff/respondent fair
notice? 

In his first
issue, Rodriguez contends that Gulf Coast=s and KJR=s motion for
summary judgment was vague and unclear, and thus did not provide him with fair
notice of the grounds upon which the movants sought summary judgment.  Gulf
Coast and KJR contend that Rodriguez waived this issue because he failed to
specially except to the motion on these grounds in the trial court.  In the
alternative, Gulf Coast and KJR contend that their hybrid motion for summary
judgment met the specificity requirements in both Texas Rules of Civil
Procedure 166a(c) and 166a(i).  

As a threshold
issue, we consider whether Rodriguez preserved this issue for our review.  If
Gulf Coast and KJR did not identify the elements challenged in their
no-evidence motion, then Rodriguez did not have to raise this issue in the
trial court. See, e.g., Cuyler v. Minns, 60 S.W.3d 209, 212B13 (Tex. App.CHouston [14th
Dist.] 2001, pet. denied).  However, we conclude that Gulf Coast and KJR did
attack the duty and breach-of-duty elements in their motion.  To the extent
Rodriguez asserts that the motion is vague, ambiguous, or unspecific for some
other reason, for example, due to an alleged failure to satisfy the specificity
requirements of Texas Rule of Civil Procedure 166a(c), Rodriguez waived these
complaints by failing to specially except.








A motion for
summary judgment should state the specific grounds for summary judgment. Tex. R. Civ. P. 166a(c).  When a
summary judgment is attacked as being vague or lacking specificity, a special
exception is required.  Franco v. Slavonic Mut. Fire Ins. Ass=n, 154 S.W.3d 777,
784 (Tex. App.CHouston [14th Dist.] 2004, no pet.); see also  McConnell,
858 S.W.2d at 342 (stating in dictum in plurality opinion that Aan exception is
required should a non‑movant wish to complain on appeal that the grounds
relied on by the movant were unclear or ambiguous@).  The excepting
party must obtain a ruling on the special exception to preserve the issue for
appeal.  Franco, 154 S.W.3d at 784.  As a general rule, a complaint is
preserved for appellate review only if the record establishes the complaint was
made known to the trial court in a timely manner, and the trial court ruled on
the complaint.  See Tex. R. App.
P. 33.1(a); Franco, 154 S.W.3d at 784.  Rodriguez did not present
these issues to the trial court for ruling; therefore, we cannot consider them
on appeal as grounds for reversal.  See Franco, 154 S.W.3d at 784B85.  

Rodriguez relies
on Cuyler v. Minns, 60 S.W.3d 209, 213 (Tex. App.CHouston [14th
Dist.] 2001, pet. denied), and McConnell v. Southside Ind. Sch. Dist., 858
S.W.2d 337, 342 (Tex. 1993) (plurality op.), to support his contention that his
failure to object did not waive review of any error on appeal.  In Cuyler, this
court followed Callaghan Ranch, Ltd. v. Killam, 53 S.W.3d 1, 3B4 (Tex. App.CSan Antonio 2000,
pet. denied), in which the Fourth Court of Appeals held that if a no‑evidence
motion for summary judgment is not specific in challenging a particular
element, the motion is insufficient as a matter of law and may be challenged
for the first time on appeal.  The San Antonio court reached this conclusion by
analogizing to McConnell, a case in which the movant=s motion for
summary judgment merely stated that Athere are no genuine
issues as to any material facts and that these Defendants are entitled to a
judgment dismissing Plaintiff's amended complaint as a matter of law.@  See id. at
3B4; see also
McConnell, 858 S.W.2d at 339.  The actual grounds for summary judgment
were contained in a brief to which the motion referred and which was served on
all parties contemporaneously with the motion.  Id.  The Texas Supreme
Court decided that Rule 166a requires the grounds to be presented in the motion
itself:  AEven if the non‑movant fails to except or
respond, if the grounds for summary judgment are not expressly presented in the
motion for summary judgment itself, the motion is legally insufficient as a
matter of law.@  McConnell, 858 S.W.2d at 342 (plurality op.).








Cuyler and McConnell
do not hold that a party need not file special exceptions to assert that a
motion for summary judgment is vague and unspecific.  In fact, McConnell states
that special exceptions are necessary to assert this argument.  See McConnell,
858 S.W.2d at 342B43.[1] 
Gulf Coast and KJR did assert no-evidence grounds attacking the duty and
breach-of-duty elements, and to the extent Rodriguez asserts that the motion is
vague, ambiguous, or unspecific for some other reason, Rodriguez waived these
complaints by failing to specially except.  Accordingly, we overrule Rodriguez=s first issue. 

B.      Is there a genuine issue of material fact on any properly
challenged element of the plaintiff=s negligence
claims?         

In his second and
third issues, Rodriguez contends that he raised a genuine issue of a material
fact as to the essential elements of his premises-liability and
negligent-activity theories of negligence.  Because liability in this case is
premised on both theories, we first must determine whether this case is a
premises-liability or a negligent-activity case.  See Keetch v. Kroger Co.,
845 S.W.2d 262, 264 (Tex. 1992); Wal‑Mart v. Bazan, 966 S.W.2d
745, 746 (Tex. App.CSan Antonio 1998, no pet.). 








Recovering under a
negligent-activity theory requires the plaintiff to have been injured by or as
a contemporaneous result of the activity itself rather than by a condition
created by the activity.  Keetch, 845 S.W.2d at 264; Bazan, 966
S.W.2d at 746.  Conversely, a premises-liability theory rests on the notion
that the premises itself is unsafe.  Bazan, 966 S.W.2d at 746. 
Rodriguez contends that Gulf Coast and KJR allowed a condition of which they
had actual and/or constructive knowledge and which presented an unreasonable
risk of harm to exist on the premises.  In his petition, Rodriguez asserts that
the following were unreasonably dangerous conditions: (1) allowing an
unsupervised workplace; (2) use of unsafe equipment; and (3) use of an unsafe
and unregulated open lot for major repair of vehicles.  In their no-evidence
motion for summary judgment, Gulf Coast and KJR contended that there is no
evidence that a dangerous condition existed on the premises.  We agree. 

In response to a
no-evidence ground for summary judgment, Rodriguez had the burden to point out
evidence rasing a genuine issue of fact as to the challenged elements.  See
San Saba Engergy, L.P. v. Crawford, 171 S.W.3d 323, 330 (Tex. App.CHouston [14th
Dist.] 2005, no pet.).  In his summary-judgment response, Rodriguez failed to
bring forth any evidence to show that a dangerous condition existed on
the premises.  Pointing only to the deposition transcript of Kenneth
Rosenberger, Rodriguez asserts that the defendants knowingly allowed people to
enter their premises and work on the property.  Rodriguez=s interpretation
of Rosenberger=s deposition testimony is inaccurate.  In regard to
this topic, Rosenberger testified as follows:

!                  
Although it was
not forbidden for the independent contractors to make repairs on the lot, it
was not a usual or customary practice for them to do so.

 

!                  
The inbound and
outbound trucks of the independent contractors may park on the lot to avoid
parking on the street.

 

!                  
Although there
was no patrol around the lot to keep unauthorized persons out, there were signs
around the lot that said Aprivate property.@

 

!                  
Maintenance and
repair of trucks would be done on the lot in the event of an emergency, but any
other repairs would be done at the shop from which the truck was being leased.

 

!                  
While all of
the independent contractor had access to this lot, they were not authorized to
bring other third-parties onto the lot, such as their parents, siblings, or
even roommates.

 








Rosenberger=s testimony, does
not raise a genuine issue of material fact as to: (1) allowing an unsupervised
workplace; (2) use of unsafe equipment; or (3) use of an unsafe and unregulated
open lot for major repair of vehicles.  Therefore, even if these items could
constitute a dangerous condition, the trial court properly granted summary
judgment as to Rodriguez=s premises-liability theory.  See State
v. Shumake, 199 S.W.3d 279, 284 (Tex. 2006) (concluding that, as to a premises-liability
theory, there must be some evidence that the alleged injuries were caused by an
Aunsafe@ condition on the
property); Gaspard v. DuPont Dow Elastomers, L.L.C., 140 S.W.3d 415, 426
(Tex. App.CBeaumont 2004, no pet.) (concluding that a negligence
action brought against premises owner by independent contractor=s employee, who
alleged that his injury occurred when he manually removed bale and not when the
compactor jammed or when the conveyor shut down, did not involve a premises
defect, but, rather, an allegedly negligent activity).  Accordingly, we
overrule Rodriguez=s second issue.

          Having
determined that this is a negligent‑activity case, we now turn to
Rodriguez=s third issue, and we consider whether summary
judgment was proper.  As to his negligence claim, Rodriguez must prove that the
defendant owed the plaintiff a legal duty, the duty was breached, and the
breach proximately caused damages.  Lee Lewis Constr., Inc. v. Harrison, 70
S.W.3d 778, 782 (Tex. 2001).  In his AThird Amended
Petition,@ Rodriguez asserted the following as to his negligence
claim:

The occurrence
made the basis of this suit and the resulting injuries and damages were
proximately caused by the negligence of Defendants in allowing use of their
property for the repair of vehicles used in their business without supervising
the work or the means and methods of the work.  Defendants also failed to
supervise the work of independent contractors who worker [sic] on their property.


Gulf Coast and KJF
asserted no-evidence summary-judgment grounds attacking the duty and
breach-of-duty elements of Rodriguez=s negligence
claim.  Rodriguez was required to point out summary‑judgment evidence of
probative force to raise a genuine issue of material fact as to these
elements.  See Johnson, 73 S.W.3d at 206B08.  








In response to the
summary-judgment motion, Rodriguez argued that Gulf Coast and KJR owed him a
duty of ordinary care because Rodriguez was on the property for the purpose of
working on a truck that was used to haul their merchandise.  Rodriguez asserted
that Gulf Coast and KJR knew that repairs were being made on the particular lot
and that Rodriguez was there for an extended period of time.  Rodriguez urged
that, despite this alleged knowledge, they did not remove him from the
property, never forbade the maintenance and repair of vehicles in the area, and
did not know what was being done in this area.  Therefore, Rodriguez asserted,
Gulf Coast and KJR  allowed him to be on the premises for the purpose of
working on the truck.  Rodriguez claimed his acts would have benefitted Gulf
Coast and KJR.  For these reasons, Rodriguez argued, Gulf Coast and KJR owed
him a duty of ordinary care and they breached that duty by allowing the
negligent activity that injured him.

Rodriguez asserted
that Gulf Coast and KJR failed to use reasonable care to eliminate the risks of
maintenance of such vehicles  on their property.  Rodriquez specifically
alleged that Gulf Coast and KJR failed to use reasonable care in the following
respects: 

!       They failed to put up signs
around this particular lot stating that maintenance and repairs of vehicles
could not be done there. 

 

!       They failed to properly
supervise the activities of independent workers on their property. 

 

!       They failed to designate a
particular area where independent workers could repair their vehicles under the
supervision of the property owners or property managers; and 

 

!       They failed to reduce the
risks associated with maintenance of vehicles on their property. 

 

Rodriguez
submitted the deposition testimony of Kenneth J. Rosenberger in an attempt to
raise a genuine issue of material fact on the two challenged elements.  Rodriguez
specifically relies on the following excerpt: 








Q: [Rodriguez=s counsel]:           Okay. Was it
a Bif an independent contractor hauler=s truck were to break down or need
repair, was it customary or unusual for them to use this lot shown in Exhibit 5
just to have a place to park the truck and work on it? 

[Defense counsel]:           
Objection; form.

[Rosenberger]:                 That=s kind of a multi-type question. I
think B I=ve kind of lost you about halfway through that.

Q: [Rodriguez=s counsel]:           I=ll start over. Was it usual
for the independent haulers to repair or work on their trucks on this lot here
shown in Exhibit 5?[2]

A: [Rosenberger]:                      No,
sir. 

Q: [Rodriguez=s counsel]:           Was it
forbidden for them to do that?

A: [Rosenberger]:                      Well,
theyB theyBanyBthey made emergency repairs like flats. 

Q: [Rodriguez=s counsel]:           I=m sorry?

A: [Rosenberger]:                      If
the truck had a flat, made emergency repairs, they contacted somebody that was
flatBcome fix flats.

Q: [Rodriguez=s counsel]:           Right.

A: [Rosenberger]:                      I
know ofBI know of no time where there
was any major maintenance done.

Q: [Rodriguez=s counsel]:           So ifBif one of the trucks of the
contract haulers needed some sort of emergency repair, change of tire, that
sort of thing, it was okay for them to use this lot shown in Exhibit 5? 

[Defense counsel]:           Objection;
form.








[Rosenberger]:                 Well,
sir, allBanytime you have a truck, the
lights are not working or something, you need to repair those light bulbs or
whatever, certainly you don=t want that truck going down the street not meeting  safety standards. 

Q: [Rodriguez=s counsel]:           So it was
okay for them to make these kinds of repairs on this lot shown in Exhibit 5? 

A:[Rosenberger]:                       It
was B it was never said you couldn=t and never said you could. It was
justB you know. 

 

(emphasis added). 
Under Rule 166a(i), Rodriguez had the burden to produce summary judgment
evidence raising a genuine issue of material fact on the element of breach of duty.
See Dolcefino, 19 S.W.3d at 916.  This deposition testimony does not
establish a breach of a duty, if any, owed to Rodriguez, nor does it support
Rodriguez=s contentions that Gulf Coast and KJR, or either of
them, failed to use reasonable care in preventing any alleged negligent
activity that may have caused Rodriguez=s injuries.  Even
presuming that Gulf Coast and KJR owed a duty to Rodriguez, we conclude that
there is no summary-judgment evidence that they breached this duty.  See
Western Invest., Inc. v. Urena, 162 S.W.3d 547, 551 (Tex. 2005) (concluding
no issue of material fact existed on proximate cause after presuming that a
duty was owed and a breach of that duty existed). 








Rodriguez has not
shown that either Gulf Coast or KJR failed to implement safety measures that
caused his injuries nor has he shown that either was aware that its
independent-contractor workers used the subject property (after hours) to
conduct major repairs to their personal vehicles.  Indeed, Rosenberger
testified that it was not usual or customary for independent haulers to work on
their trucks on the lot where Rodriguez was allegedly injured.  In addition,
there is no evidence to show that Gulf Coast allowed roommates or friends of
their independent contractors access to this property.  Rodriguez simply has
not shown that Gulf Coast and KJR were aware that any unsafe practices were
occurring on the subject property.  Cf. Lee Lewis Constr., 70 S.W.3d at
784 (holding that general contractor had actually exercised control of premises
when general contractor knew of dangerous condition before injury occurred and
approved acts that were dangerous and unsafe); Hoeschst-Celanese Corp. v.
Mendez, 967 S.W.2d 354, 358 (Tex. 1998) (concluding that Aan employer who is
aware that its contractor routinely ignores applicable federal guidelines and
standard company policies related to safety may breach a duty owed to require
corrective measures to be taken or to cancel the contract.@); Enserch
Corp. v. Parker, 794 S.W.2d 2, 6 (Tex. 1990) (holding that Enserch=s providing of
book detailing exact procedures to be followed while working on pipeline and
frequent visitation and supervision of contractor=s employees by
Enserch representatives created fact question about Enserch=s right to control
work); Redinger v. Living, Inc., 689 S .W.2d 415, 418 (Tex. 1985)
(holding general contractor liable who was present to observe danger and gave
order causing plaintiff's injury).  Furthermore, Rodriguez has not offered any
evidence to prove that a reasonably prudent person would have implemented any
of the safety procedures that Rodriguez argues should have been implemented,
such as putting up signs that repairs could not be made on the property or
designating a particular area where such repairs could be made, if necessary.           Under
the applicable standard of review, we conclude that the summary-judgment
evidence does not raise a genuine fact issue as to whether Gulf Coast and KJR
breached their alleged negligence duties.  The trial court correctly rendered
summary judgment for Gulf Coast and KJR under Rule 166a(i).[3]  
See Tex. R. Civ. P. 166a(i);
King Ranch, Inc. v. Chapman, 118 S.W.3d 742, 751 (Tex. 2003). 
Accordingly, we overrule Rodriguez=s third issue.








Having overruled all of Rodriguez=s issues, we
affirm the trial court=s judgment.

 

 

 

/s/      Kem Thompson
Frost

Justice

 

 

Judgment
rendered and Memorandum Opinion filed December 28, 2006.

Panel
consists of Justices Fowler, Edelman, and Frost.

 









[1]  In Cuyler, this court relied on the reasoning
in Chessher v. Southwestern Bell Tel. Co., 658 S.W.2d 563 (Tex.1983), a
case in which the plaintiff sued on contract and tort grounds.  The defendant
moved for summary judgment only on contract grounds, but the trial court
erroneously granted summary judgment on both contract and tort grounds.  Id.
at 563.  This court concluded that Chessher had waived his tort claims by
failing to raise them in his response to the motion for summary judgment.  Chessher,
658 S.W.2d at 564.  On review, the Texas Supreme Court found that because appellee
had not asked for relief from the tort claims, he had not complied with Rule
166a(c) and so was not entitled to judgment on those claims as a matter of
law.  Id. (emphasis added). 

 





[2]  We note here that Exhibit 5 is a photograph showing
the property upon which Rodriguez contends that he was injured. 





[3]  Because we conclude that the trial court correctly
rendered summary judgment under Rule 166a(i), it is not necessary to determine
whether Gulf Coast and KJR met their burden of negating this element under Rule
166a(c).  See Ford
Motor Co. v. Ridgway,
135 S.W.3d 598, 600 (Tex. 2004). 
However, even if we were to consider this issue under the standards for
traditional summary judgment, we would reach the same result.  The evidence
attached to the motion for summary judgment on traditional grounds (the
deposition testimony of Rodriguez and the affidavit of Gulf Coast=s corporate representative) conclusively establishes
that Gulf Coast and KJR did not breach a duty, if any, owed to Rodriguez.  The
deposition excerpts upon which Rodriguez relies do not create a genuine issue
of material fact sufficient to defeat summary judgment.  See Sci. Spectrum,
Inc., 941 S.W.2d at 911.