**Affirmed and Memorandum Opinion filed June 18, 2019.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-18-00277-CV

---

### LINDA CASTRO AND MANUEL CASTRO, Appellants

### V.

### H.E.B. GROCERY COMPANY, L.P. D/B/A HEB, Appellee

---

**On Appeal from the 53rd District Court
Travis County, Texas
Trial Court Cause No. D-1-GN-16-005280**

---

## M E M O R A N D U M   O P I N I O N

Appellants Linda and Manuel Castro appeal a summary judgment dismissing their slip-and-fall lawsuit. The only issue is whether appellee H.E.B. Grocery Company, L.P., d/b/a HEB ("HEB") had actual or constructive notice of the alleged dangerous condition on the premises, and the Castros contend they presented sufficient evidence to create a fact issue for the jury. We conclude the evidence presented fails to raise a genuine issue of material fact that appellee was actually or constructively aware of the alleged hazard. Therefore, we affirm the judgment.

## Background

Appellants Linda and Manuel Castro were shopping at a grocery store owned by HEB and located on West Highway 71 in Austin. While perusing produce, Linda slipped and fell on a leaf of kale or lettuce. Manuel was walking about ten feet in front of Linda and did not see her fall, nor had he noticed anything on the floor when he walked over the area where Linda slipped. An HEB employee, Jaye Debatista, was stocking lettuce[1] five to fifteen feet away from where Linda fell. Out of the corner of his eye, Debatista saw Linda fall, but he did not have a direct line of sight and could not see what caused her fall. Store manager-in-charge Joseph Lagasse arrived within a few minutes, and there is no evidence that he saw Linda fall. No witness saw the lettuce before Linda slipped on it, nor could anyone posit how it came to be on the floor or how long it had been there before the accident. The lettuce was on the floor in front of an asparagus and broccoli display, which was several feet away from the display where Debatista was stocking lettuce. Linda alleged she injured her knee, wrists, neck, and back in the fall.

The Castros sued HEB and asserted a negligence cause of action based on an alleged premises defect. The Castros alleged that the lettuce was an unreasonably dangerous condition, of which HEB knew or should have known, and that HEB's failure to correct or warn of the hazard proximately caused Linda injury. HEB answered and later filed simultaneous motions seeking both no-evidence and traditional summary judgment. Both motions challenged the actual or constructive notice element of the Castros' premises liability claim. HEB asserted that the

---

[1] Debatista stated unequivocally that the leafy green was kale; the other witnesses generally referred to it as lettuce. The distinction is immaterial for our purposes, and we will refer to the leaf as lettuce.

Castros could present no evidence that it either knew or should have known of the alleged dangerous condition, the lettuce on the floor.

The Castros responded to HEB's motions and asserted that a genuine issue of material fact existed regarding whether HEB had actual or constructive knowledge of the lettuce on the floor. The Castros provided evidence in support of their response, including photographs of the lettuce leaf, deposition testimony, and the HEB incident report.

Following a hearing, the trial court granted HEB's summary judgment motions without stating the basis for its ruling, signing a final take-nothing judgment in HEB's favor. The Castros filed a timely motion for clarification and reconsideration, arguing, as is relevant here, that they pleaded both a negligent activity claim and a premises-defect claim, and that the negligent activity claim should have survived summary judgment. The trial court denied the motion. This appeal timely followed.

## Issues

The Castros assert three issues on appeal. Several arguments in their brief, however, lack clarity and do not appear in their summary judgment response. We cannot reverse a summary judgment on grounds not raised in the summary judgment response. Tex. R. Civ. P. 166a(c). Therefore, we will address the grounds the Castros asserted in their summary judgment response and that, as best we can discern, are briefed in our court.

## Standard of Review

We review de novo a trial court's decision to grant summary judgment. *Ferguson v. Bldg. Materials Corp. of Am.*, 295 S.W.3d 642, 644 (Tex. 2009) (per curiam). We consider the evidence in the light most favorable to the non-movant,

3

indulging reasonable inferences and resolving doubts in the non-movant's favor. *Cantey Hanger, LLP v. Byrd*, 467 S.W.3d 477, 481 (Tex. 2015). We credit evidence favorable to the non-movant if reasonable fact finders could, and we disregard contrary evidence unless reasonable fact finders could not. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). When, as here, the trial court does not specify the grounds for its summary judgment, we must affirm if any of the theories presented to the trial court and preserved for appellate review are meritorious. *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 216 (Tex. 2003).

When a party files both traditional and no-evidence motions, we first review the trial court's decision under the no-evidence standard. *See* Tex. R. Civ. P. 166a(i); *Merriman v. XTO Energy, Inc.*, 407 S.W.3d 244, 248 (Tex. 2013); *Cox v. H.E.B. Grocery, L.P.*, No. 03-13-00714-CV, 2014 WL 4362884, at *2 (Tex. App.—Austin Aug. 27, 2014, no pet.) (mem. op.). If we determine that the no-evidence summary judgment was properly granted, we do not reach arguments under the traditional motion for summary judgment. *Merriman*, 407 S.W.3d at 248; *Ford Motor Co. v. Ridgeway*, 135 S.W.3d 598, 600 (Tex. 2004).

In a no-evidence motion for summary judgment, the movant asserts that no evidence supports one or more essential elements of the claims for which the non-movant bears the burden of proof at trial. *See* Tex. R. Civ. P. 166a(i); *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009). The non-movant then must present more than a scintilla of probative evidence that raises a genuine issue of material fact supporting each element contested in the motion. *See Forbes Inc. v. Granada Biosciences, Inc.*, 124 S.W.3d 167, 172 (Tex. 2003); *Wal-Mart Stores, Inc. v. Rodriguez*, 92 S.W.3d 502, 506 & n.4 (Tex. 2002). A no-evidence motion should be granted "when (a) there is a complete absence of evidence of a vital fact, (b) the

4

court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact, (c) the evidence offered to prove a vital fact is no more than a mere scintilla, or (d) the evidence conclusively establishes the opposite of the vital fact." *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003).

In a traditional motion, the movant must establish that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c). If the movant establishes its right to judgment as a matter of law, the burden shifts to the nonmovant to raise a genuine issue of material fact sufficient to defeat summary judgment. *See M.D. Anderson Hosp. & Tumor Inst. v. Willrich*, 28 S.W.3d 22, 23 (Tex. 2000) (per curiam).

In our discussion below, we review the trial court's decision under the no-evidence standard unless otherwise stated. *See* Tex. R. Civ. P. 166a(i); *Merriman*, 407 S.W.3d at 248.

## Analysis

### A. Theory of Liability

The Castros' second issue is easily disposed, and we address it first. Their second issue consists of two parts. First, the Castros assert that the trial court erred in denying their motion to reconsider and dismissing their entire case because a negligent-activity theory of recovery is applicable to this case, and their evidence creates a genuine and material fact question on the elements of ordinary negligence. They argue that Linda's alleged injuries were proximately caused by HEB's "negligent loose-leaf-lettuce stocking activity," which fits the "affirmative and contemporaneous standard" applicable to negligent-activity cases. Second, the Castros contend that *res ipsa loquitur* applies and supports a finding that the lettuce would not have been on the floor but for HEB's negligence.

5

When a summary judgment disposes of all claims but the movant did not challenge all claims in the summary judgment motion, the non-movant may complain on appeal that the judgment exceeds the relief requested in the motion. *See, e.g.*, *Narnia Invs., Ltd. v. Harvestons Sec., Inc.*, No. 14-10-00244-CV, 2011 WL 3447611, at *3 (Tex. App.—Houston [14th Dist.] Aug. 9, 2011, no pet.) (mem. op.). The Castros assert that they pleaded a negligent-activity theory of recovery, but that HEB did not address that cause of action in its summary judgment motion.

The Castros allegations assert a cause of action for premises defect, not negligent activity. Although negligent-activity and premises-defect theories both fall within the scope of negligence, "negligent activity encompasses a malfeasance theory based on affirmative, contemporaneous conduct by the owner that caused the injury, while premises liability encompasses a nonfeasance theory based on the owner's failure to take measures to make the property safe."[2] *Del Lago Partners, Inc. v. Smith*, 307 S.W.3d 762, 776 (Tex. 2010). "A premises liability claim must be either a premises[-]defect case or a negligent activity case." *Wal-Mart Stores, Inc. v. Garza*, 27 S.W.3d 64, 67 (Tex. App.—San Antonio 2000, pet. denied) (citing *Clayton W. Williams, Jr., Inc. v. Olivo*, 952 S.W.2d 523, 527 (Tex. 1997)). If a plaintiff alleges injury from a physical condition on the property but does not allege injury as a result of some contemporaneous activity, then her claim is one for premises defect. *See United Scaffolding, Inc. v. Levine*, 537 S.W.3d 463, 472 (Tex. 2017); *Brooks v. PRH Invs., Inc.*, 303 S.W.3d 920, 925 (Tex. App.—Texarkana 2010, no pet.) (allegation that owner created the condition on which plaintiff slipped

---

[2] *Del Lago* uses the term "premises liability" to describe the nonfeasance-type theory. Courts have also referred to that type of claim as a "premises defect" claim. *See, e.g.*, *Clayton W. Williams, Jr., Inc. v. Olivo*, 952 S.W.2d 523, 529 (Tex. 1997); *Newman v. CenterPoint Energy Houston Elec., LLC*, No. 14-16-00007-CV, 2017 WL 2292577, at *7 (Tex. App.—Houston [14th Dist.] May 25, 2017, no pet.) (mem. op.); *Wal-Mart Stores, Inc. v. Garza*, 27 S.W.3d 64, 67 (Tex. App.—San Antonio 2000, pet. denied). We use the terms interchangeably.

is not allegation of negligent activity because injury not contemporaneous with the activity itself); *Blake v. Intco Invs. of Tex., Inc.*, 123 S.W.3d 521, 526 (Tex. App.—San Antonio 2003, no pet.) (same); *Moore v. K Mart Corp.*, 981 S.W.2d 266, 269 n.1 (Tex. App.—San Antonio 1998, pet. denied) (allegation that employee created depression in carpet by pushing cart was not negligent activity claim); *see also H.E. Butt Grocery Co. v. Warner*, 845 S.W.2d 258, 259 (Tex. 1992). The Supreme Court of Texas has consistently treated slip-and-fall cases as premises-defect causes of action. *United Scaffolding*, 537 S.W.3d at 472.

Here, the Castros' negligence claim arises from an allegation of nonfeasance rather than any claim of malfeasance on HEB's part. The Castros allege that this lawsuit results from a slip-and-fall accident at HEB. They allege that Linda was an invitee who was shopping in the produce section where an HEB employee was organizing produce displays and had dropped pieces of wet lettuce. Linda alleges she slipped on a piece of wet lettuce. They further allege that the lettuce on the floor created an unreasonably dangerous condition, of which HEB knew or should have known, and that HEB failed to correct or warn of the condition. Their petition alleges that HEB was negligent in several respects, all of which pertain to HEB's alleged failure to exercise reasonable care to avoid a foreseeable risk of injury.[3] The petition does not allege that Linda suffered injury as a contemporaneous result of HEB's activity or the malfeasance of an HEB employee. Thus, this is not a negligent-activity case because Linda alleges she was injured when she tripped and fell on an unreasonably dangerous lettuce leaf that had fallen on HEB's floor, not as

---

[3] For example, the Castros allege that HEB was negligent for failing to: (1) adequately train or supervise "its employees in locating, preventing, reducing, eliminating, and warning about unreasonably dangerous conditions"; (2) install or "ensure that all walkways are free of slipping hazards"; (3) "create a safer path"; (4) "inspect the premises for dangerous conditions"; (5) make latent defects safe or warn of latent defects; (6) adequately warn Linda of the dangerous condition; or (7) make the condition reasonably safe.

a contemporaneous result of someone's negligence. *See Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex. 1992) ("Keetch may have been injured by a condition created by the spraying but she was not injured by the activity of spraying."); *see also Warner*, 845 S.W.2d at 259 (holding that when injury alleged resulted from condition of premises, the injured party alleged only premises liability claim); *cf. Garza*, 27 S.W.3d at 67 (plaintiff injured by contemporaneous activity of employee removing item from shelf).

In *Blake v. Intco Investments of Texas, Inc.*, the appellant made the same argument the Castros advance here. *See* 123 S.W.3d 521. There, the plaintiff alleged she was injured by improperly installed carpet. *See id.* at 526. The trial court granted a no-evidence summary judgment against the plaintiff, dismissing the entire case. *See id.* On appeal, the plaintiff argued that summary judgment should not have been granted on the whole case because the plaintiff amended her petition to assert a negligent-activity claim. *See id.* The court disagreed and affirmed the summary judgment because the petition did not allege injury as a result of contemporaneous activity. *Id.* Similarly, based on the allegations in the Castros' amended petition, we conclude their only claim is for an alleged premises defect, not negligent activity. *Id.*; *see, e.g.*, *United Scaffolding*, 537 S.W.3d at 472; *State v. Shumake*, 199 S.W.3d 279, 284 (Tex. 2006); *Keetch*, 845 S.W.2d at 265); *Warner*, 845 S.W.2d at 259; *Brooks*, 303 S.W.3d at 925; *Lucas v. Titus Cty. Hosp. Dist.*, 964 S.W.2d 144, 153 (Tex. App.—Texarkana 1998, pet. denied); *Moore*, 981 S.W.2d at 269 n.1; *see also Sampson v. Univ. of Tex. at Austin*, 500 S.W.3d 380, 386 (Tex. 2016) ("[T]his court, both within and outside of the Tort Claims Act, has consistently treated slip/trip-and-fall cases as presenting claims for premises defects.").

Next, the Castros assert that the *res ipsa loquitur* evidentiary rule applies here and should have prevented the trial court's take-nothing judgment against them. The

Castros did not raise *res ipsa loquitur* in their summary judgment response. Moreover, this doctrine applies "only when (1) the character of the accident is such that it would not ordinarily occur in the absence of negligence; and (2) the instrumentality causing the injury is shown to have been under the management and control of the defendant." *Haddock v. Arspiger*, 793 S.W.2d 948, 950 (Tex. 1990). The Castros submitted no evidence that the lettuce leaf would not have been on the floor absent HEB's negligence or that the lettuce leaf was under HEB's exclusive control. For example, a customer may have dropped the leaf on the floor. *See, e.g.*, *Lucas*, 964 S.W.2d at 155-56 (holding *res ipsa loquitur* not applicable to injury from chair kept in public area breaking when it could have been broken previously by another member of public).

For these reasons, we overrule the Castros' second issue. We thus turn to the propriety of the summary judgment on the Castros' premises-defect claim.

## B.    Actual or Constructive Notice

HEB owed Linda, "its invitee, a duty to exercise reasonable care to protect her from dangerous conditions in the store that were known or reasonably discoverable, but it was not an insurer of her safety." *Wal-Mart Stores, Inc. v. Reece*, 81 S.W.3d 812, 814 (Tex. 2002) (citing *Wal-Mart Stores, Inc. v. Gonzalez*, 968 S.W.2d 934, 936 (Tex. 1998)). "To prevail, [the Castros] had to prove, among other things, that [HEB] had actual or constructive notice of the [lettuce leaf]. *Id.* The other elements of a premises-defect claim are not at issue here.

In their summary judgment response, the Castros asserted several arguments why their evidence raised a fact question on the actual or constructive notice element. First, they argued that the hazardous condition was the nature of the display itself or the restocking "process," and that HEB had actual knowledge of an unreasonable danger because it designed and maintained the display and instituted

9

its process.[4]  They generally repeat this argument in their brief's first issue, adding that the "general harm that could arise based on HEB's lettuce-stocking conduct" is foreseeable and therefore is sufficient to defeat summary judgment even if there exists no evidence that HEB had actual or constructive knowledge of this particular lettuce leaf.

In support, the Castros cite *Corbin v. Safeway Stores, Inc.*, 648 S.W.2d 292 (Tex. 1983).  There, the court found some evidence that Safeway's manner of displaying grapes, accompanied by an absence of mats on the linoleum tile floor, posed an unusually high risk of customer falls from grapes dropped on the floor, and held that a jury could find the risk unreasonable.  *Id.* at 297.  The Supreme Court's holding in *Brookshire Grocery Co. v. Taylor*, 222 S.W.3d 406 (Tex. 2006), however, forecloses the Castros' contention.  The plaintiff in *Brookshire Grocery* slipped and fell on a piece of partially melted ice near a self-service soft drink dispenser.  *Id.* at 407.  The plaintiff argued the manner in which the dispenser was set up created an unreasonably dangerous condition.  *Id.*  Rejecting that argument, the court referred to *Corbin* as an exceptional case, distinguished from similar cases by Safeway's admission there was an unusually high risk associated with its grape display.  *Id.* at 408.  The court explained that ordinarily an unreasonably dangerous condition for which a premises owner may be liable is the condition at the time and place injury occurs, not some antecedent situation that produced the condition, *id.* at 407, and went on to hold that the only unreasonably dangerous condition shown by the evidence was the ice on the floor.  *Id.* at 409.  The same is true here:  the alleged dangerous condition here is the lettuce leaf on the floor, not some antecedent situation such as the lettuce display.  *See id.* at 408.  The Castros presented no

---

[4] The Castros did not plead this theory in their amended petition, in which they alleged only that the lettuce leaf was the dangerous condition.

evidence that HEB admitted an "unusually high risk" was associated with its produce display, as was the case in *Corbin*. Moreover, the place where Linda slipped was not in front of the part of the produce display housing lettuce.

To the extent the Castros rely on HEB's "restocking process" or policies, those matters are relevant to the reasonable care element of their claim. *See id*. The element HEB put into issue by its summary judgment motion was actual or constructive notice.

Next, the Castros argued in their summary judgment response that Debatista likely saw the lettuce leaf on the floor and therefore actually knew of its presence before the accident. In support of this argument, they cited evidence that Debatista was stocking lettuce at the time Linda fell, that he was in close proximity to the place where Linda fell,[5] and that he saw the lettuce leaf on the floor after she fell.

Actual knowledge requires subjective awareness that the danger existed at the time of the accident. *See Ineos USA, LLC v. Elmgren*, 505 S.W.3d 555, 568 (Tex. 2016); *City of Corsicana v. Stewart*, 249 S.W.3d 412, 415 (Tex. 2008) (per curiam); *Univ. of Tex. at Austin v. Sampson*, 488 S.W.3d 332, 339-40 (Tex. App.—Austin 2014), *aff'd by* 500 S.W.3d 380 (Tex. 2016); *Am. Indus. Life Ins. Co. v. Ruvalcaba*, 64 S.W.3d 126, 142 (Tex. App.—Houston [14th Dist.] 2001, pet. denied). A premises owner's actual knowledge may be shown by evidence that the landowner received reports of the danger presented by the particular condition. *See Univ. of Tex.-Pan Am. v. Aguilar*, 251 S.W.3d 511, 513 (Tex. 2008); *Sampson*, 488 S.W.3d at 340; *Taylor v. Louis*, 349 S.W.3d 729, 734 (Tex. App.—Houston [14th Dist.] 2001, no pet.). It also can be established by circumstantial evidence that directly or by reasonable inference supports the conclusion that the landowner was actually

---

[5] The Castros contended Debatista was four to fifteen feet away from the spot where Linda fell.

11

aware of a dangerous premises condition. *Ineos USA, LLC*, 505 S.W.3d at 568; *Taylor*, 349 S.W.3d at 734.

The facts appellants cite are not sufficient to defeat summary judgment on the actual notice element. Linda acknowledged in her deposition that she had no evidence that anyone at HEB knew the lettuce was on the floor before the accident, and the Castros filed no direct evidence of HEB's actual knowledge with their response. There exists no evidence that the lettuce leaf's presence on the floor was reported to HEB before the accident. That Debatista was stocking lettuce in relative proximity to the place where Linda fell does not establish directly or by reasonable inference HEB's subjective awareness that the lettuce was on the floor. As the Texas Supreme Court has recently reiterated, "without evidence showing how long the allegedly [dangerous condition] existed, 'the proximity of the employees is no evidence of actual knowledge.'" *Sampson*, 500 S.W.3d at 395 (quoting *City of Dallas v. Thompson*, 210 S.W.3d 601, 603 (Tex. 2006); *Reece*, 81 S.W.3d at 816). We reached a similar conclusion in *Alonso v. Westin Homes Corp.*, No. 14-15-00898-CV, 2016 WL 7234474, at *3-4 (Tex. App.—Houston [14th Dist.] Dec. 13, 2016, no pet.) (mem. op.) (concluding that person's presence on jobsite supported merely possible knowledge of dangerous condition; evidence did not permit inference of actual awareness). Given the evidence, the Castros' suggestion that Debatista "likely" saw the lettuce based on his activity and proximity to the place where Linda fell is nothing more than speculation, which cannot defeat a summary judgment on actual knowledge. *See, e.g.*, *Univ. of Tex. at Austin v. Bellinghausen*, No. 03-14-00749-CV, 2016 WL 462735, at *6 (Tex. App.—Austin Feb. 3, 2016, no pet.) (mem. op.); *Univ. of Tex. at El Paso v. Muro*, 341 S.W.3d 1, 5-6 (Tex. App.—El Paso 2009, no pet.); *Sova v. Bill Miller Bar-B-Q Enters., Ltd.*, No. 03-04-00679-CV, 2006 WL 1788231, at *3-4 (Tex. App.—Austin June 30, 2006, no pet.) (mem.

12

op.). Similarly, that Debatista saw the lettuce leaf after Linda fell constitutes no evidence that he saw it before she fell.

To the extent the Castros intend to intimate on appeal that Debatista's lettuce-stocking activity nearby supports an inference that he created the condition, from which a jury could then infer actual knowledge, the Castros did not raise that argument in their summary judgment response. Further, actual knowledge cannot be established by stacking one inference upon another. *See Ruvalcaba*, 64 S.W.3d at 142; *see also Alarcon v. Alcolac Inc.*, 488 S.W.3d 813, 827 (Tex. App.—Houston [14th Dist.] 2016, pet. denied) ("[I]nferences stacked only on other inferences are not legally sufficient evidence."). The Castros did not contend in their response that Debatista had actual knowledge of the lettuce leaf because he dropped it on the floor or caused it to be there.

The Castros cited no authority to support their actual notice argument in their summary judgment response, but on appeal they direct us to *Keetch* and *Coffee*. *Keetch*, 845 S.W.2d at 262; *Coffee v. F.W. Woolworth Co.*, 536 S.W.2d 539 (Tex. 1976). Neither case supports their position. In *Keetch*, the issue was whether a court was required to conclude as a matter of law that knowledge existed based solely on the fact that a Kroger employee created the slippery spot on the floor. *Keetch*, 845 S.W.2d at 265-66. The *Keetch* court answered this question in the negative: inferring knowledge as a matter of law is improper unless knowledge is uncontroverted. *Id.* There, Kroger denied knowledge of the condition, so the inference of knowledge could not be made as a matter of law. *Id.* Here, the Castros did not assert that Debatista caused the lettuce to be on the floor and presented no evidence of how it fell to the floor. Thus, *Keetch* does not support the argument that HEB had actual knowledge of the lettuce leaf.

13

In *Coffee*, the plaintiff was injured when she tripped over an empty display pallet on the Woolworth floor. *Coffee*, 536 S.W.2d at 540. The jury found, as is relevant here, that Woolworth (1) created the dangerous condition and (2) knew or should have known of it. *Id.* The Supreme Court of Texas reinstated a jury verdict. Relevant to the actual notice issue, the court held that the jury could have found that Woolworth had actual knowledge of the dangerous condition because store employees were actually working on the display stand in question. *See id.* at 540-41. Again, here, Linda did not injure herself on the display. And the Castros did not assert that Debatista caused the lettuce leaf to be on the floor, nor is there any temporal evidence to show how long the leaf had been on the floor. Thus, *Coffee* does not support the Castros' actual notice argument.

We conclude that Debatista's mere activity of stocking lettuce in proximity to the lettuce leaf on the floor does not create a genuine issue of material fact that the Debatista or HEB actually knew the lettuce was there before the accident.

The Castros' final argument in their summary judgment response pertained to the constructive notice issue. Acknowledging that Debatistas' relatively close proximity to Linda's fall is not sufficient to create a fact question on constructive notice, *see Reece*, 81 S.W.3d at 816-17,[6] they contended that sufficient temporal evidence existed to show that the lettuce was on the floor long enough that HEB should have discovered it and either corrected it or warned Linda about it.

---

[6] In *Reece*, the Supreme Court of Texas "unanimously held that the mere proximity of an employee to a spill, without evidence of when or how it came to be on the floor, was legally insufficient to charge a premises owner with constructive notice of the hazard." *Wal-Mart Stores, Inc. v. Spates*, 186 S.W.3d 566, 567 (Tex. 2006) (citing *Reece*, 81 S.W.3d at 816-17). This is because "[a]n employee's proximity to a hazard, with no evidence indicating how long the hazard was there, merely indicates it was possible for the premises owner to discover the condition, not that the premises owner reasonably should have discovered it." *Reece*, 81 S.W.3d at 816.

In determining whether legally sufficient evidence of constructive notice exists, courts typically analyze the combination of proximity, conspicuousness, and longevity of the dangerous condition. *Wal-Mart Stores, Inc. v. Spates*, 186 S.W.3d 566, 567-68 (Tex. 2006) (per curiam) (citing *Reece*, 81 S.W.3d at 816). Temporal evidence is critical to this inquiry. *See Reece*, 81 S.W.3d at 815-16. The so-called "'time-notice rule' is based on the premise that temporal evidence best indicates whether the owner had a reasonable opportunity to discover and remedy a dangerous condition."[7] *Id.* "Without some temporal evidence, there is no basis upon which the factfinder can reasonably assess the opportunity the premises owner had to discover the dangerous condition." *Id.* at 816. Although proximity and conspicuousness may affect a factfinder's assessment of how much time is reasonable for a premises owner to discover a particular dangerous condition, "there must be some proof of how long the hazard was there before liability can be imposed on the premises owner for failing to discover and rectify, or warn of, the dangerous condition." *Id.*

The Castros had to present evidence that the lettuce leaf was on the floor for a sufficient period of time that HEB had a reasonable opportunity to discover it. *See Reece*, 81 S.W.3d at 816; *see also Cox*, 2014 WL 4362884, at *2. Although Debatista's proximity to Linda's fall may have shortened the time needed to show HEB's constructive knowledge, there still must have been some evidence of how long the lettuce leaf was on the floor before HEB could be charged with constructive knowledge of the alleged dangerous condition. *See Reece*, 81 S.W.3d at 816.

---

[7] This rule, "firmly rooted in our jurisprudence," arises because it would be unjust to hold a premises owner liable for the carelessness of a person the owner does not control, unless the owner first had a reasonable opportunity to discover that the dangerous condition existed. *Reece*, 81 S.W.3d at 815 (citing *F.W. Woolworth Co. v. Goldston*, 155 S.W.2d 830, 832 (Tex. Civ. App.—Amarillo 1941, writ ref'd w.o.m.); *Lone Star Gas Co. v. Ballard*, 138 S.W.2d 633, 634-35 (Tex. Civ. App.—Fort Worth 1940, writ ref'd)).

The Castros attempted to meet this burden by relying on evidence that the lettuce was "wilted," and that the pictures of the "wilted and trampled" piece of lettuce "clearly indicate that Ms. Castro wasn't the first to walk over the lettuce." *Gonzalez* forecloses this argument. There, the plaintiff made similar arguments about the condition of spilled macaroni salad on the floor. *See Gonzalez*, 968 S.W.2d at 936. In an effort to show that the macaroni salad had been on the floor for a prolonged period of time, Gonzalez testified that it was very dirty, and Gonzalez's daughter testified that it had footprints and cart tracks in it, indicating it had been there for some period of time. *See id.* In rendering judgment for Wal-Mart, however, the Supreme Court of Texas held that the circumstantial evidence supported "only the *possibility* that the dangerous condition existed long enough to give Wal-Mart a reasonable opportunity to discover it." *See id.* at 936, 938 ("We hold that the evidence that the macaroni salad had 'a lot of dirt' and tracks through it and the subjective testimony that the macaroni salad 'seemed like it had been there awhile' is no evidence that the macaroni had been on the floor long enough to charge Wal-Mart with constructive notice of this condition.").

The Third Court of Appeals, from which this case has been transferred to our court,[8] has consistently held that similar evidence does not create a fact issue sufficient to defeat summary judgment on the issue of constructive notice. *See Molina v. HEB Grocery Co., L.P.*, No. 03-17-00343-CV, 2017 WL 4766655, at *3-4 (Tex. App.—Austin Oct. 19, 2017, no pet) (mem. op.); *Fontenette-Mitchell v. Cinemark USA, Inc.*, No. 03-16-00201-CV, 2016 WL 6833104, at *3-4 (Tex. App.—Austin Nov. 16, 2016, no pet.) (mem. op.); *Cox*, 2014 WL 4362884, at *3-4; *Sova*, 2006 WL 1788231, at *3-4. In each of these cases, the Austin Court of

---

[8] The Supreme Court of Texas transferred this case to our court form the Third Court of Appeals. *See* Tex. Gov't Code § 73.001. We are unaware of any conflict between Third Court of Appeals precedent and that of this court on any relevant issue. *See* Tex. R. App. P. 41.3.

Appeals explained that the facts were similar to *Reece* "in that there is no evidence of when the spill occurred and no evidence that would allow an inference that [the defendant] had a reasonable opportunity to discover and clear up the spill." *Molina*, 2017 WL 4766655, at *4; *see also Fontenette-Mitchell*, 2016 WL 6833104, at *3; *Cox*, 2014 WL 4362884, at *3; *Sova*, 2006 WL 1788231, at *3.

Similarly, in the present case, no one could explain how the lettuce leaf fell to the floor, nor could anyone provide any information regarding how long the leaf had been on the floor before Linda slipped on it. This case falls squarely within *Gonzalez* and its progeny, and the Castros' evidence allows no reasonable inference that HEB had a reasonable opportunity to discover the lettuce and either correct or warn of the condition. *See Spates*, 186 S.W.3d at 567-68; *Reece*, 81 S.W.3d at 817; *Gonzalez*, 968 S.W.2d at 937-38; *Molina*, 2017 WL 4766655, at *4; *Fontenette-Mitchell*, 2016 WL 6833104, at *3; *Cox*, 2014 WL 4362884, at *3; *Sova*, 2006 WL 1788231, at *3.

The remaining arguments in the Castros' brief exceed what they raised in their summary judgment response, so we do not address them. *See* Tex. R. Civ. P. 166a(c) ("Issues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal.").

For the foregoing reasons, the Castros failed to raise a fact issue in response to HEB's no-evidence summary judgment motion on the premises-defect element of actual or constructive notice. Accordingly, we overrule the Castros' first and third issues.

17

**Conclusion**

Having overruled the Castros' issues, we affirm the trial court's judgment in HEB's favor.

/s/    Kevin Jewell
       Justice

Panel consists of Justices Christopher, Jewell, and Bourliot.